CHRISTINA A. JUMP (D.C. ID No. TX151)
    cjump@clcma.org
CHELSEA G. GLOVER (D.C. ID No. TX0065)
    cglover@clcma.org
Constitutional Law Center for Muslims in America
100 N. Central Expy. Suite 1010
Richardson, Texas 75080
Tel: (972) 914-2507; Fax: (972) 692-7454

*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **LASSANA MAGASSA**, an individual residing at 2917 South Willow Street, Seattle, WA 98108<br><br>*Plaintiff,*<br><br>vs.<br><br>**TRANSPORTATION SECURITY ADMINISTRATION,** 6595 Springfield Center Dr., Springfield, VA 22150,<br><br>*Defendant.* | CASE NO.: 23-2526<br><br><br>CIVIL ACTION<br><br>**PLAINTIFF'S COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND, IN THE ALTERNATIVE, PETITION FOR WRIT OF MANDAMUS** |

### PLAINTIFF'S COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND, IN THE ALTERNATIVE, PETITION FOR WRIT OF MANDAMUS

Plaintiff Lassana Magassa ("Plaintiff Magassa" or "Dr. Magassa"), by and through undersigned counsel, files this Complaint for Declaratory and Injunctive Relief and, in the alternative, Petition for Writ of Mandamus against Defendant the Transportation Security Administration ("TSA"). Plaintiff Magassa presents the following claims for relief and supporting factual background:

## I.   INTRODUCTION

Plaintiff Magassa seeks a declaration from this Court finding that the actions of Defendant TSA violate the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Administrative Procedure Act ("APA"), *id.* §§ 551-559. Plaintiff Magassa asks this Court to enjoin Defendant TSA from continuing to withhold responsive records in violation of FOIA and the APA. In the alternative, Plaintiff Magassa seeks a Writ of Mandamus from this Court, ordering Defendant TSA to comply with all applicable FOIA and APA requirements.

## II.   PARTIES

1. Plaintiff Magassa is a U.S. citizen living in Seattle, Washington. Through counsel, Plaintiff Magassa submitted the applicable FOIA request to Defendant TSA.

2. Defendant TSA is a federal agency subject to FOIA and has custody and control of the records that are the subject of this action. 5 U.S.C. § 552(f)(1).

## III.   JURISDICTION AND VENUE

3. FOIA grants this Court both subject matter jurisdiction over this action and personal jurisdiction over the parties. 5 U.S.C. § 552(a)(4)(B).

4. This Court possesses federal question jurisdiction under 28 U.S.C. § 1331, mandamus jurisdiction under 28 U.S.C. § 1361, jurisdiction under the APA, 5 U.S.C. §§ 555(b) and 706(b), and the Declaratory Judgment Act, 28 U.S.C. § 2201.

5. Venue is appropriate in this Court pursuant to 5 U.S.C. § 552(a)(4)(B), which states in relevant part that "the district court of the United States … in the District of Columbia, has jurisdiction to enjoin the agency from withholding agency records[.]"

## IV.	STATEMENT OF FACTS

6. Plaintiff Magassa alleges and incorporates all numbered paragraphs above.

7. Delta Airlines formerly employed Dr. Magassa as a Cargo Customer Service Agent.

8. To hold that position, Dr. Magassa was required to obtain and maintain a Security Identification Display Area ("SIDA") badge.

9. On October 8, 2016, Defendant TSA revoked Dr. Magassa's SIDA badge, which meant he could not keep his job at Delta.

10. Dr. Magassa challenged the revocation through the designated appeals process.

11. To assist with the appeals process, Dr. Magassa sought access through FOIA to the records used to support the revocation of his SIDA badge and records about the revocation itself.

12. FOIA requires federal agencies to respond to statutorily adequate requests for agency records.

13. Defendant TSA promulgates rules and regulations for individuals to request agency records.[1]

14. Plaintiff Magassa submitted his request to Defendant TSA on February 13, 2020 via email to foia@tsa.dhs.gov and via efax.

15. Plaintiff Magassa's FOIA request seeks records regarding TSA Inspector reports about himself and aviation credentials obtained from or revoked by Defendant TSA from January 2015.[2]

16. On February 14, 2020, Defendant TSA responded via email to undersigned counsel with a letter informing Plaintiff Magassa that it required no more information to process his request and assigning the request the tracking number 2020-TSFO-00298.

17. The letter identified the request as within the "simple" category.[3]

---

[1] TRANSPORTATION SEC. ADMIN., *Freedom of Information Act*, https://www.tsa.gov/foia (last visited Aug. 29, 2023).
[2] *See* Exhibit A.
[3] *See* Exhibit B.

18. After receiving no further correspondence from Defendant TSA about Dr. Magassa's FOIA request for more than two years, undersigned attorneys contacted Defendant TSA via email on April 26, 2022, for a status update.

19. Defendant TSA responded on April 28, 2022, via email signed by Deborah Dennis, stating that she could only provide an estimate that Defendant TSA would process Dr. Magassa's request within 180 days.

20. Given that the request was pending at that point more than two years, Dr. Magassa filed an administrative appeal for constructive denial of his request on June 6, 2022.

21. Defendant TSA acknowledged the appeal via email on June 15, 2022 and assigned it the tracking number 2022-TSAP-00034.

22. Undersigned counsel received no further information about this appeal and so requested a status update via email on October 27, 2022.

23. On January 5, 2023, undersigned counsel received a letter via email signed by Christine Y. Griggs that informed Plaintiff Magassa that, as his request was not yet acted on by the FOIA Branch, there was no administratively appealable action for Ms. Griggs's office to consider.

24. The January 5 letter also explained that a requester has the right to seek judicial review of an untimely response.

25. After further silence on Dr. Magassa's request from Defendant TSA, undersigned counsel again sent an email to Defendant TSA seeking a status update for the 2020 request on May 12, 2023.

26. On June 7, 2023, Defendant TSA responded that the FOIA branch is working through a backlog, and responding to Dr. Magassa's request would take another estimated 60-120 days.

27. FOIA mandates that an agency must respond to a request for records within twenty working days. 5 U.S.C. § 552(a)(6)(A)(i).

28. The statute further allows for an additional ten working days to respond to a request where there are unusual circumstances. 5 U.S.C. § 552(a)(6)(B)(i).

29. As of the date of the filing of this Complaint, Plaintiff Magassa's FOIA request to Defendant TSA has been pending for 884 working days, more than three calendar years.

30. Plaintiff Magassa has exhausted all available administrative remedies because Defendant TSA has not responded to Plaintiff Magassa's request within the time allotted by the statute. 5 U.S.C. § 552(a)(6)(C)(i).

## V.   CAUSES OF ACTION

**Count I: Violation of FOIA – Unreasonable Agency Delay**

31. Plaintiff Magassa alleges and incorporates by reference all numbered paragraphs above.

32. Defendant TSA is an agency subject to FOIA and its requirements, as described above. 5 U.S.C. § 552(f)(1).

33. An agency subject to FOIA and its requirements must determine within twenty working days whether it will comply with a request and inform the requester of its decision. 5 U.S.C. § 552(a)(6)(A)(i).

34. If the requested records exist, an agency must make them promptly available, subject to enumerated exemptions and exclusions. 5 U.S.C. § 552(a)(3)(A).

35. If no responsive records exist, an agency must so state. 5 U.S.C. § 552(a)(6)(A)(i).

36. Defendant TSA has not substantively responded to Plaintiff Magassa's request for records, nor provided him with a reasonable estimated date of completion.

37. Defendant TSA's actions violate the requirements of FOIA because it failed to respond timely to Plaintiff Magassa's FOIA request. 5 U.S.C. §§ 552(a)(6)(A)(i), 552(a)(6)(B)(i).

38. Plaintiff Magassa has constructively exhausted all applicable administrative remedies available to requesters under FOIA. 5 U.S.C. § 552(a)(6)(C)(i).

39. FOIA deems requesters to have exhausted their administrative remedies when the agency does not "comply with the applicable time limit provisions" of the statute. 5 U.S.C. § 552(a)(6)(C)(i).

40. Plaintiff Magassa is entitled to declaratory and injunctive relief and an order instructing Defendant TSA to process and respond to Plaintiff Magassa's FOIA request and enjoining Defendant TSA from withholding responsive records.

**Count II: Violation of FOIA – Wrongful Withholding of Non-Exempt Records**

41. Plaintiff Magassa alleges and incorporates by reference all numbered paragraphs above.

42. Upon information and belief, Defendant TSA possesses and controls records responsive to Plaintiff Magassa's requests.

43. Defendant TSA must release all responsive, non-exempt records to Plaintiff Magassa.

44. Agencies subject to FOIA and its requirements bear the burden to provide sufficient justification for all withholdings with specific references to FOIA's applicable exemptions.

45. Agencies subject to FOIA and its requirements must provide all reasonably segregable portions of otherwise exempt records.

46. Defendant TSA unlawfully withheld responsive records.

47. By failing to respond to Plaintiff Magassa's request, Defendant TSA fails to justify its withholding of nonexempt records.

48. Plaintiff Magassa exhausted all applicable administrative remedies available under FOIA.

49. Plaintiff Magassa is entitled to declaratory and injunctive relief and an order instructing Defendant TSA to respond to Plaintiff Magassa's request for records and justify its withholding of any

responsive records under applicable FOIA exemptions, and enjoining Defendant TSA from withholding non-exempt responsive records.

**Count III: Violation of the APA – Agency Action Unlawfully Withheld**

50. Plaintiff Magassa alleges and incorporates by reference all numbered paragraphs above.

51. Defendant TSA is a federal agency subject to the requirements of FOIA, including its provision requiring Defendant TSA to respond fully to a request for records and to produce all non-exempt, responsive records.

52. Defendant TSA failed to respond to Plaintiff Magassa's request for records within the statutorily allotted time.

53. Defendant TSA failed to make the requested records available to Plaintiff Magassa, constituting agency action wrongfully withheld or unreasonably delayed. 5 U.S.C. § 706(1).

54. Defendant TSA's failure to produce all non-exempt, responsive records adversely affects, aggrieves, and injures Plaintiff Magassa.

55. By failing to fulfill its obligations under FOIA, Defendant TSA frustrates Plaintiff Magassa's ability to obtain these records about himself, as he cannot get them from any other source.

56. Plaintiff Magassa is entitled to declaratory and injunctive relief compelling Defendant TSA to respond fully to Plaintiff Magassa's request for records and enjoining Defendant TSA from improperly withholding records.

**Count IV: Petition for Writ of Mandamus**

57. Plaintiff Magassa alleges and incorporates all numbered paragraphs above.

58. A petition for writ of mandamus is appropriate where a plaintiff demonstrates: (1) "a clear and indisputable right to relief," (2) the government defendant has "a clear duty to act," and (3) there is "no adequate alternative remedy" available to the plaintiff.[4]

59. Plaintiff Magassa has a clear right under FOIA to request agency records.

60. Defendant TSA has a clear duty to make records promptly available. 5 U.S.C. § 552(a)(3)(A).

61. Defendant TSA must make reasonable efforts to search for records. 5 U.S.C. § 552(a)(3)(B).

62. Plaintiff Magassa has no adequate alternative remedy remaining, as the administrative body that processes TSA FOIA appeals refuses to process his appeal for constructive denial.

63. Therefore, Plaintiff Magassa respectfully requests this Court grant his Petition for Writ of Mandamus and order Defendant TSA to comply with its obligations under FOIA.

**Count V: Declaratory Judgment Act**

64. Plaintiff Magassa alleges and incorporates all numbered paragraphs above.

65. Plaintiff Magassa respectfully requests this Court declare Defendant TSA's actions violate the above-listed statutes, pursuant to 28 U.S.C. §§ 2201-2202.[5]

**Count VI: Attorneys' Fees under FOIA or the Equal Access to Justice Act**

66. Plaintiff Magassa alleges and incorporates all numbered paragraphs above.

67. FOIA permits courts to award reasonable attorneys' fees and costs if the plaintiff substantially prevails in the action. 5 U.S.C. § 552(a)(4)(E)(i).

---

[4] *Citizens for Responsibility & Ethics in Wash. v. Trump*, 924 F.3d 602, 606 (D.C. Cir. 2019).

[5] Plaintiff Magassa recognizes that declaratory relief is not a freestanding cause of action and instead is a remedy available; for clarity of the relief sought, Plaintiff Magassa includes this relief as an enumerated cause of action.

68. Plaintiff Magassa respectfully requests this Court him grant fees and costs if Plaintiff Magassa substantially prevails under FOIA.

69. The Equal Access to Justice Act ("EAJA"), as amended 5 U.S.C. § 504 and 28 U.S.C. § 2412, provides for awarding costs and attorneys' fees to a prevailing party in litigation against the United States or one of its agencies.

70. To the extent this Court does not award fees under FOIA, Plaintiff Magassa respectfully requests this Court grant him costs and fees as provided by the EAJA.[6]

## VI.   PRAYER FOR RELIEF

Plaintiff Magassa prays for judgment in his favor and against Defendant TSA, and respectfully requests this Court grant the following relief:

1. Declare that Defendant TSA's failure to respond to Plaintiff Magassa's request violates FOIA;

2. Enjoin Defendant TSA from withholding non-exempt records responsive to Plaintiff Magassa's FOIA request;

3. Enjoin Defendant TSA to conduct a statutorily adequate search for responsive records;

4. Issue a written finding that the circumstances surrounding the withholdings raise questions about whether agency personnel acted arbitrarily or capriciously concerning the withholding;

5. Declare that Defendant TSA's actions violate the APA;

6. In the alternative, grant Plaintiff Magassa's Petition for Writ of Mandamus and compel Defendant TSA to fully and timely respond to Plaintiff Magassa's request for records;

7. Retain jurisdiction during the processing of Plaintiff Magassa's request to ensure compliance with this Court's orders;

---

[6] Plaintiff Magassa recognizes that a request for attorneys' fees is not a freestanding cause of action, nor can this Court determine the award before the conclusion of litigation. Plaintiff Magassa includes this enumerated cause of action to clarify and preserve the request.

8. Award Plaintiff Magassa his costs and reasonable fees incurred in this action under FOIA or, in the alternative, the EAJA; and

9. Grant such other relief as the Court may deem just and proper.

Respectfully submitted this 29th day of August 2023.

*/s/ Christina A. Jump*
Christina A. Jump
(D.C. ID No. TX151)
Chelsea G. Glover
(D.C. ID No. TX0065)
Constitutional Law Center for Muslims in America
100 N. Central Expy. Suite 1010
Richardson, Texas 75080
Tel: (972) 914-2507; Fax: (972) 692-7454
cjump@clcma.org
cglover@clcma.org
