UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LASSANA MAGASSA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 23-2526 (LLA) |
| | ) |
| TRANSPORTATION SECURITY | ) |
| ADMINISTRATION, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**DEFENDANT'S COMBINED REPLY IN FURTHER SUPPORT OF DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM OPPOSITION TO
<u>PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT</u>**

## **TABLE OF CONTENTS**

TABLE OF CONTENTS..................................................................................................... i

TABLE OF AUTHORITIES ............................................................................................. ii

ARGUMENT .................................................................................................................... 1

      I.      TSA Conducted a Reasonable Search for Responsive Records. ............................ 1

      II.     From the Agency Records Released, TSA Withheld Only Exempt Information... 2

           A.     TSA Properly Withheld Information Pursuant to Exemption 3. ............... 2

           B.     TSA Properly Withheld Information Pursuant to Exemption 5. ............... 5

           C.     TSA Properly Withheld Information Pursuant to Exemption 6. ............... 6

           D.     TSA Properly Withheld Information Pursuant to Exemption 7C. .............. 6

      III.    TSA Released All Reasonably Segregable Information. ........................................ 7

      IV.    Plaintiff Is Not Entitled to the Relief Requested ................................................... 8

CONCLUSION .................................................................................................................. 9

# TABLE OF AUTHORITIES

**Cases**

*Armstrong v. Exec. Off. of the President*,
97 F.3d 575 (D.C. Cir. 1996) ........................................................................................ 7

*Butler v. Dep't of Air Force*,
888 F. Supp. 174 (D.D.C. 1995) .............................................................................. 1, 5, 6

*Gardels v. CIA*,
689 F.2d 1100 (D.C. Cir. 1982) .................................................................................... 4

*Grimes v. District of Columbia*,
794 F.3d 83 (D.C. Cir. 2015) .................................................................................... 2, 5

*James Madison Proj. v. CIA*,
607 F. Supp. 2d 109 (D.D.C. 2009) ............................................................................. 2

*Kennecott Utah Copper Corp. v. Dep't of Interior*,
88 F.3d 1191 (D.C. Cir. 1996) ..................................................................................... 8

*Magassa v. TSA*,
Civ. A. No. 19-01953 (EGS), 2022 WL 971207 (D.D.C. Mar. 31, 2022) ..................... 5

*Magassa v. TSA*,
No. 22-5155, 2023 WL 8826564 (D.C. Cir. Dec. 21, 2023) ................................. 2, 3, 7

*Prison Legal News v. Samuels*,
787 F.3d 1142 (D.C. Cir. 2015) .................................................................................... 4

*Skurow v. Dep't of Homeland Sec.*,
892 F. Supp. 2d 319 (D.D.C. 2012) ............................................................................. 2

*Valfells v. CIA*,
717 F. Supp. 2d 110 (D.D.C. 2010) ............................................................................. 4

**Statutes**

5 U.S.C. § 552(a)(4)(B) ................................................................................................. 8

Defendant, the Transportation Security Administration ("TSA" or the "Agency"), by and through the undersigned counsel, respectfully submits this Combined Reply in Further Support of Defendant's Motion for Summary Judgment and Memorandum In Opposition to Plaintiff's Motion for Summary Judgment.  Plaintiff's cross-motion and separate opposition do not meaningfully contend with TSA's arguments and detailed declarations.  As such, for the reasons stated below and in Defendant's motion, the Court should enter judgment in favor of TSA and deny Plaintiff's motion.

## ARGUMENT

### I.    <u>TSA Conducted a Reasonable Search for Responsive Records.</u>

As Defendant explained, "there is no material doubt that TSA's search was reasonable." ECF No. 13, Def.'s Mem. P. & A. In Supp. of Mot. for Summ. J. ("Def.'s Mem.") at 5.  Plaintiff does not challenge the sufficiency of the search.  ECF No. 14, Pl.'s Resp. In Opp'n to Def.'s Mot. for Summ. J. ("Pl.'s Opp'n") at 14.  Moreover, Plaintiff does not reasonably dispute the material facts related to the search.  *See* ECF No. 14-1, Pl.'s Resp. to Def.'s Stmt. of Undisputed Material Facts ("Pl.'s Resp.") ¶¶ 4–19.  As such, the Court should consider those facts admitted.  *See Butler v. Dep't of Air Force*, 888 F. Supp. 174, 178 (D.D.C. 1995) ("[T]he standard for a motion for summary judgment [is] that any factual assertions contained in the affidavits and other attachments in support of the motion will be accepted by the Court as true unless Plaintiff submits his own affidavit or other documentary evidence contradicting such assertions." (citations omitted)); LCvR 7(h)(1) ("In determining a motion for summary judgment, the Court may assume that facts identified by the moving party in its statement of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion.").

Therefore, the Court should grant summary judgment in favor of Defendant on the sufficiency of the search.

II.    **From the Agency Records Released, TSA Withheld Only Exempt Information.**

    A.    **TSA Properly Withheld Information Pursuant to Exemption 3.**

As Defendant explained, "the information withheld from the responsive records pursuant to Exemption 3 falls within the definition of Sensitive Security Information." Def.'s Mem. at 10.

In the first instance, Plaintiff does not reasonably dispute the material facts related to the Exemption 3 withholdings because Plaintiff either does not contest the fact or relies solely on his complaint to dispute the fact. *See* Pl.'s Resp. ¶¶ 26–38; *Grimes v. District of Columbia*, 794 F.3d 83, 94 (D.C. Cir. 2015) ("[I]t it is well established that [a plaintiff] cannot rely on the allegations of her own complaint in response to a summary judgment motion, but must substantiate them with evidence."). As such, the Court should consider those facts admitted. *See Butler*, 888 F. Supp. At 178; LCvR 7(h)(1).

Plaintiff asserts, "Defendant's submissions are [not] sufficiently detailed for this Court to determine whether the withheld records fall under the statute's ambit." Pl.'s Opp'n at 4–5; *see* ECF No. 15, Pl.'s Mot. for Summ. J. & Mem. P. & A. In Supp. ("Pl.'s Mot.") at 4 ("Defendant's declarations rely on conclusory statements and categories with insufficient detail to sustain its withholdings."). Plaintiff is incorrect. As Plaintiff acknowledges, this Court's review of the Sensitive Security Information withholdings under Exemption 3 is limited to the existence of an Exemption 3 statute and the inclusion of withheld material within that statute's coverage. *See Magassa v. TSA*, No. 22-5155, 2023 WL 8826564, at *1 (D.C. Cir. Dec. 21, 2023); *James Madison Proj. v. CIA*, 607 F. Supp. 2d 109, 126 (D.D.C. 2009) (internal quotation marks omitted); *see also Skurow v. Dep't of Homeland Sec.*, 892 F. Supp. 2d 319, 330-31 (D.D.C. 2012) (finding, in FOIA case, that the district court "lack[ed] jurisdiction to review the TSA's decision to designate certain material as SSI" under 49 U.S.C. § 46110, but that "the Court must still determine whether the material withheld, as described by TSA, fits within the scope of Section 114(r)"). The Agency's

declarations and *Vaughn* index go far beyond the statutory standards for Exemption 3 and SSI and provide specific justifications for withholding the information. The *Vaughn* index provided a detailed description of the material redacted from the Department of Homeland Security Traveler Redress Inquiry Program file, as well as the pages withheld in full and in part. ECF No. 13-3, Decl. of Teri Miller (Apr. 10, 2024) ("Miller Decl."), Ex. D (Vaughn index). The Agency further submitted a declaration from the Chief of its Sensitive Security Information Program, which describes in detail the bases for withholding the records, whether in full or in part, and correlates each basis to the records withheld. ECF No. 13-4, Declaration of Christian Esteves ("Esteves Decl.") ¶ 12. Moreover, the Chief explained in detail why the release of this information would be detrimental to the security of transportation. *Id*. ¶ 14.

The Agency's explanations in its *Vaughn* index and detailed declarations alone are sufficient for the Court to rule in Defendant's favor on its Exemption 3 withholdings, as the D.C. Circuit recently upheld TSA's Sensitive Security Information withholdings based on similar agency submissions. *See Magassa*, 2023 WL 8826564, at *1 (summarizing TSA's explanations, noting the highly deferential standard of review, and holding that "TSA's explanation here is reasonable"). As stated in the Sensitive Security Information Chief's declaration, the redacted and withheld information could not be described publicly with more particularity than the descriptions provided in paragraph 12 without revealing SSI. Esteves Decl. ¶ 12 n.2; *see also Magassa*, 2023 WL 8826564, at *2.[1]

Further, even if this Court deems the Agency's detailed explanations for its withholding to be categorical (a contention with which Defendant disagrees), the D.C. Circuit accepts the

---

[1]       In *Magassa*, the D.C. Circuit found that TSA met its burden through its public affidavits, making in camera review neither "necessary nor appropriate," and noted that such review is disfavored in national security contexts. *Magassa*, 2023 WL 8826564, at *2.

3

categorical approach.  *See Prison Legal News v. Samuels*, 787 F.3d 1142, 1149–50 (D.C. Cir. 2015) (internal quotations and citations omitted) ("the government may justify its withholdings and redactions category-of-document by category-of-document, so long as its definitions of relevant categories are sufficiently distinct to allow a court to determine whether specific claimed exemptions are properly applied.").[2]

With respect to TSA's "Glomar" response, Plaintiff asserts, "Defendant rests on broad and conclusory assertions of national security without tying those assertions to relevant records or search locations."  Pl's Opp'n at 5.  Again, Plaintiff is incorrect.  The D.C. Circuit recognizes that "an agency may refuse to confirm or deny the existence of records where to answer the FOIA inquiry would cause harm cognizable under an FOIA exception."  *Gardels v. CIA*, 689 F.2d 1100, 1103 (D.C. Cir. 1982).  A Glomar response is proper "where to answer the FOIA inquiry would cause harm cognizable under a [] FOIA exception," in that the answer of whether the documents exist at all could lead to unauthorized disclosure.  *Valfells v. CIA*, 717 F. Supp. 2d 110, 116 (D.D.C. 2010) (quoting *Gardels*, 689 F.2d at 1103).  The Agency met its obligations by explaining that a Glomar response was provided with respect to searches of certain locations because "acknowledging the existence or nonexistence of records regarding Plaintiff in those places would reveal whether he was or was not on a watch list utilized by TSA for passenger preboard screening."  Esteves Decl. ¶ 17.  The Agency further explained that revealing Plaintiff's status on

---

[2]    The Agency's explanations in its *Vaughn* index and detailed declarations alone suffice for the Court uphold Defendant's Exemption 3 withholdings, just as they did when the D.C. Circuit recently upheld TSA's Sensitive Security Information withholdings based on similar statements.  *See Magassa*, 2023 WL 8826564, at *1 (summarizing TSA's explanations and concluding that "TSA's explanation here is reasonable").  As stated in the Sensitive Security Information Chief's declaration, the withheld information could not be described publicly with more particularity than the descriptions provided without revealing Sensitive Security Information.  Esteves Decl. ¶ 12 n.2; *see Magassa*, 2023 WL 8826564, at *2 (finding TSA met its burden through its public statements alone).

4

or off the watch list would constitute an unauthorized disclosure of SSI that would be detrimental to transportation security. *See id.* As such, TSA's Glomar response was appropriate. *See, e.g.*, *Magassa v. TSA*, Civ. A. No. 19-01953 (EGS), 2022 WL 971207, at \*8 (D.D.C. Mar. 31, 2022), *aff'd*, 2023 WL 8826564.

Therefore, the Court should grant summary judgment in favor of Defendant on whether TSA properly withheld information under Exemption 3.

### B.    TSA Properly Withheld Information Pursuant to Exemption 5.

As Defendant explained, "the Agency properly withheld information in a single document and communications from a single email protected by the attorney-client and attorney work product privileges" pursuant to Exemption 5. Def.'s Mem. at 16.

In the first instance, Plaintiff does not reasonably dispute the material facts related to the Exemption 5 withholdings because Plaintiff either does not contest the facts or relies solely on his complaint to dispute them. *See* Pl.'s Resp. ¶¶ 39–43; *Grimes*, 794 F.3d at 94. As such, the Court should consider those facts admitted. *See Butler*, 888 F. Supp. at 178; LCvR 7(h)(1).

Plaintiff asserts, "The *Vaughn* index Defendant provided merely recites the standard for the two privileges, rather than demonstrating how those privileges apply to the withheld records." Pl.'s Opp'n at 7. Plaintiff is incorrect. In both the Agency's declaration and *Vaughn* index, the Agency explained in detail the bases for the withholding, specifically that (1) an Agency attorney authored the information and provided it to the TSA's Intelligence & Analysis Office; (2) the information concerned either the attorney's mental impressions and analysis or confidential advice; and (3) the attorney provided the information in relation to an administrative hearing concerning Plaintiff's security threat assessment. Miller Decl. ¶¶ 30–32; Vaughn Index at 2–3. The Agency's description was clearly not a mere recital of the standard.

Therefore, the Court should grant summary judgment in favor of Defendant on whether TSA properly withheld information under Exemption 5.

    **C.    TSA Properly Withheld Information Pursuant to Exemption 6.**

As Defendant explained, "the Agency properly withheld names and contact information of TSA personnel and certain third-party individuals" pursuant to Exemption 6.  Def.'s Mem. at 19.

Plaintiff does not challenge the Agency withholding of the records under Exemption 6.  Pl.'s Opp'n at 9–11.  Moreover, Plaintiff does not reasonably dispute the material facts related to the Exemption 6 withholdings.  *See* Pl.'s Resp. ¶¶ 44–46.  As such, the Court should consider those facts admitted.  *See Butler*, 888 F. Supp. at 178; LCvR 7(h)(1).

Therefore, for the reasons previously explained, and in light of Plaintiff's failure to show any error concerning those assertions, the Court should grant summary judgment in favor of Defendant on whether TSA properly withheld information under Exemption 6.

    **D.    TSA Properly Withheld Information Pursuant to Exemption 7C.**

As Defendants explained, "TSA [properly] withheld the name of a local law enforcement officer" pursuant to Exemption 7C.  Def.'s Mem. at 23.

Plaintiff does not challenge the Agency withholding of the records under Exemption 7C.  Pl.'s Opp'n at 9–11.  Moreover, Plaintiff does not reasonably dispute the material facts related to the Exemption 7(C) withholdings.  *See* Pl.'s Resp. ¶¶ 47–48.  As such, the Court should consider those facts admitted.  *See Butler*, 888 F. Supp. at 178; LCvR 7(h)(1).

Therefore, for the reasons previously explained, and in light of Plaintiff's failure to show any error concerning those assertions, the Court should grant summary judgment in favor of Defendant on whether TSA properly withheld information under Exemption 7C.

III.    **TSA Released All Reasonably Segregable Information.**

As Defendant explained, "wherever exempt information was reasonably segregable from nonexempt information, TSA considered the harms associated with the release, redacted only the exempt information, and released the rest."  Def.'s Mem. at 24.

First, Plaintiff asserts, "Defendant here merely asserts the information withheld from the responsive records pursuant to Exemption 3 falls within the definition of Sensitive Security Information, without meeting its burden to describe in detail which portions of the document are disclosable and which are allegedly exempt."  Pl.'s Opp'n at 8.  Plaintiff is incorrect.  As the SSI Chief noted, he "personally reviewed the records," Esteves Decl. ¶ 9, and "determined that the SSI Program procedures that call for the public release of as much information as possible without compromising transportation security and require redaction of the smallest possible portion of the record necessary to protect SSI were followed and that the redactions were necessary to protect SSI," *id.* ¶ 10.  This description is sufficient.  *See Magassa*, 2023 WL 8826564, at *2 (finding TSA met its segregability burden, as "the affidavit of TSA's SSI program chief explains that he confirmed that all the withheld and redacted information constituted statutorily exempt SSI and that "the smallest possible portion of the record possible" was redacted.").

Second, Plaintiff asserts that the Agency declarants failed to "attest[] to the required line-by-line review."  Pl.'s Opp'n at 8.  Such a line-by-line analysis is not required.  An agency must show "with 'reasonable specificity'" that the information it withheld cannot be further segregated. *Armstrong v. Exec. Off. of the President*, 97 F.3d 575, 578–79 (D.C. Cir. 1996).  Here, the Agency met its burden.  As noted above, the SSI Chief's declaration sufficiently described the Agency's segregability analysis.  As to the material withheld in part pursuant to Exemption 5, the Agency's declarant evaluated the two pages of responsive records withheld in part, noting that the limited redactions cover information protected under the exemption.  Miller Decl. ¶ 45.  Indeed, Plaintiff

acknowledges the Agency only withheld limited information.  Pl.'s Opp'n at 7 ("Defendant further fails to explain why, in this instance, it . . . withheld only one sentence.").

Therefore, the Court should grant summary judgment in favor of Defendant as to whether TSA released all reasonably segregable information.

## IV.    <u>**Plaintiff Is Not Entitled to the Relief Requested**</u>

Plaintiff organizes his briefing according to the type of relief he seeks: declaratory relief; injunctive relief; and other appropriate relief.  While the Agency strongly disagrees that any relief is appropriate in this case, Plaintiff's requests go beyond those permitted by the FOIA.  *See*, *e.g.*, Pl.'s Mot. at 5 ("Plaintiff therefore seeks a declaration from this Court that Defendant violated the clear language of FOIA").

Under 5 U.S.C. § 552(a)(4)(B), this Court has jurisdiction "to enjoin the agency from withholding agency records and to order production of any agency records improperly withheld." 5 U.S.C. § 552(a)(4)(B).  The D.C. Circuit has recognized that the statutory language of the FOIA limits relief to the disclosure of improperly withheld records to a particular requester.  *See Kennecott Utah Copper Corp. v. Dep't of Interior*, 88 F.3d 1191, 1203 (D.C. Cir. 1996) (holding that remedial provision of FOIA limits relief to ordering disclosure of documents to FOIA complainant).  As a result, Plaintiff's requests for relief go beyond the relief contemplated by the statute, and in any event no relief is warranted for the reasons explained above.

*      *      *

## CONCLUSION

For the foregoing reasons and those explained further in Defendant's motion, Defendant

should be granted summary judgment in full.

Dated:  June 11, 2024                            Respectfully submitted,
         Washington, DC

                                                 MATTHEW M. GRAVES, D.C. Bar #481052
                                                 United States Attorney

                                                 BRIAN P. HUDAK
                                                 Chief, Civil Division

                                                 By:        */s/ Joseph F. Carilli, Jr.*
                                                     JOSEPH F. CARILLI, JR.
                                                     Assistant United States Attorney
                                                     601 D Street, NW
                                                     Washington, DC 20530
                                                     (202) 252-2525

                                                 *Counsel for the United States of America*